

FILED

2015 Jul-20  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| PERKINS COMMUNICATION, LLC, and MATRIX, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 7:15-cv-01172-LSC |
| | ) | |
| D'SHANNON PRODUCTS, LTD, a Minnesota Limited Company, SCOTT ERICKSON, MICHAEL MOORE, and EARL RAMEY, | ) ) ) ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## ANSWER BY DEFENDANTS D'SHANNON PRODUCTS, LTD AND SCOTT ERICKSON TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM

### ANSWER

Come now Defendants D'Shannon Products, Ltd ("D'Shannon") and Scott Erickson and answer Plaintiffs' Complaint as follows:

### PARTIES

1.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.

2.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

3.      Admitted that D'Shannon is a Minnesota limited company with its principal place of business in Wright County, Minnesota.

4.      Admitted that Scott Erickson is an adult resident of Hennepin County, Minnesota.

5.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.

6.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6.

**FACTS**

7.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8.      These Defendants admit that Perkins Communication, LLC hired these Defendants to perform certain work on a Beechcraft Baron, Reg. No. N6745M (the "Aircraft"). Admitted that the work included the Aircraft's windows, propellers, and engines.   These Defendants admit that eight new windows, a new windshield, and two new propellers were installed on the Aircraft.   These Defendants admit that the Aircraft's engines were upgraded to the Genesis Engine Conversion, and a new camshaft and new lifters, new fuel systems, new starters, and baffles were installed.

9.      These Defendants admit that Joe Perkins asked these Defendants whether D'Shannon had insurance.   These Defendants admit that they represented to Joe Perkins that they had insurance.   These Defendants deny the remaining allegations contained in Paragraph 9.

10.      These Defendants deny the allegations contained in Paragraph 10.

11.      These Defendants deny the allegations contained in Paragraph 11.

12.      These Defendants admit that they informed Joe Perkins that the work was complete.   These Defendants admit that the Plaintiffs accepted the Aircraft.   These Defendants deny the remaining allegations contained in Paragraph 12.

13.      These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13.

14.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14.

15.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.

16.     These Defendants deny the allegations contained in Paragraph 16.

17.     These Defendants deny the allegations contained in Paragraph 17.

## CLAIMS

### I.      NEGLIGENCE

18.     These Defendants adopt their responses to the allegations of Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19.     These Defendants deny the allegations contained in Paragraph 19.

### II.      WANTONNESS

20.     These Defendants adopt their responses to the allegations of Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     These Defendants deny the allegations contained in Paragraph 21.

### III.      BREACH OF CONTRACT

22.     These Defendants adopt their responses to the allegations of Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     These Defendants deny the allegations contained in Paragraph 23.

### IV.      FRAUD

24.     These Defendants adopt their responses to the allegations of Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.     These Defendants deny the allegations contained in Paragraph 25.

**These Defendants deny all allegations of Plaintiffs' Complaint not specifically admitted above.**

### Defenses

### AS A FIRST SEPARATE AND COMPLETE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### AS A SECOND SEPARATE AND COMPLETE DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitation and/or statute(s) of repose.

### AS A THIRD SEPARATE AND COMPLETE DEFENSE

These Defendants deny each and every material allegation of the Plaintiffs' Complaint. These Defendants deny all allegations of negligence and wantonness. These Defendants deny all allegations of breach of duty. These Defendants deny that the Plaintiffs' damages were caused by any conduct on the part of these Defendants or anyone for whom these Defendants are liable. These Defendants deny that the Plaintiffs' alleged damages were caused by any breach of the agreement or other act or omission on the part of Defendants. These Defendants deny that the Plaintiffs are entitled to recover any damages, costs or fees in any amount, of any type and of any nature against these Defendants or anyone for whom these Defendants are liable.

### AS A FOURTH SEPARATE AND COMPLETE DEFENSE

No causal connection exists between damages alleged in Plaintiffs' Complaint and these Defendants. Additionally, these Defendants did not proximately cause the Plaintiffs' alleged damages.

### AS A FIFTH SEPARATE AND COMPLETE DEFENSE

These Defendants' actions were not the cause of Plaintiffs' alleged damages.

## AS A SIXTH SEPARATE AND COMPLETE DEFENSE

Plaintiffs are barred from recovery from these Defendants due to assumption of the risk.

## AS A SEVENTH SEPARATE AND COMPLETE DEFENSE

Plaintiffs are barred from recovery from these Defendants due to contributory negligence.

## AS A EIGHTH SEPARATE AND COMPLETE DEFENSE

Plaintiffs' alleged damages were caused and/or contributed to by the acts or omissions of others for whom these Defendants owe no legal responsibility.

## AS A NINTH SEPARATE AND COMPLETE DEFENSE

These Defendants aver Plaintiffs' claimed damages are the result of superseding and intervening acts other than any action of these Defendants.

## AS A TENTH SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the Aircraft and its component parts at issue were substantially modified or altered after the work performed by these Defendants was completed and that said modification(s) or alteration(s) were the proximate cause of Plaintiffs' claimed damages.

## AS A ELEVENTH SEPARATE AND COMPLETE DEFENSE

Any alleged non-conforming or defective condition of the Aircraft or its component parts were the result of abuse, neglect, modification, or alteration of the engine not authorized by these Defendants.

## AS A TWELFTH SEPARATE AND COMPLETE DEFENSE

The Aircraft and its component parts were not defective when the work performed by these Defendants was completed.

**AS A THIRTEENTH SEPARATE AND COMPLETE DEFENSE**

Plaintiffs are barred from recovery from these Defendants due to the abnormal use, or misuse, of the Aircraft and its component parts.

**AS A FOURTEENTH SEPARATE AND COMPLETE DEFENSE**

These Defendants aver the Aircraft and its component parts at the time the work performed by these Defendants was completed was presumed to be free of defect as it:  (a) complied with the state of the art; and (b) complied with all applicable government and industry standards.

**AS A FIFTEENTH SEPARATE AND COMPLETE DEFENSE**

These Defendants have conformed to and performed any and all obligations imposed by applicable statutes, regulations, and industry standards to the full extent of their responsibilities.

**AS A SIXTEENTH SEPARATE AND COMPLETE DEFENSE**

These Defendants affirmatively state that Plaintiffs' claims against these Defendants are barred because the Aircraft and its component parts, and the other products described in Plaintiffs' Complaint complied with all federal and state governmental laws, regulations, and standards.

**AS A SEVENTEENTH SEPARATE AND COMPLETE DEFENSE**

These Defendants plead the equitable defenses of doctrines of laches, waiver, unclean hands, ratification, consent, acquiescence, release, accord and satisfaction and/or estoppel.

**AS A EIGHTEENTH SEPARATE AND COMPLETE DEFENSE**

At the times and places cited in Plaintiffs' Complaint, the Plaintiffs were guilty of negligence which caused in whole or in part all of the injuries of which Plaintiffs complain.

## AS A NINETEENTH SEPARATE AND COMPLETE DEFENSE

If there is any actionable liability of these Defendants, the existence of which is specifically denied, these Defendants affirmatively state Plaintiffs have failed to take all reasonable steps to mitigate their damages.

## AS A TWENTIETH SEPARATE AND COMPLETE DEFENSE

These Defendants plead as a bar, mitigation, diminishment and/or set off as to Plaintiffs' claims and damages in the case any settlement sums Plaintiffs have or will be paid by other co-defendants, tortfeasors, or other potentially liable parties.

## AS A TWENTY-FIRST SEPARATE AND COMPLETE DEFENSE

If these Defendants are liable to Plaintiffs, which liability is expressly denied, then any such liability must be reduced by collateral sources as provided by the applicable law and statutes.

## AS A TWENTY-SECOND SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the Plaintiffs' claims for damages, or for any expenses which have been paid by third parties, are not being prosecuted by the real party in interest, pursuant to Fed. R. Civ. P. 17, and thus the Plaintiffs' claims for such expenses should be dismissed or otherwise barred.

## AS A TWENTY-THIRD SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that Plaintiffs' claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.       It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.       The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.       The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.       The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.       The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.       The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h.      The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

i.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### AS AN TWENTY-FOURTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that the Plaintiffs' claim for punitive damages violates the equal protection guarantees of Article I, §§ 1, 6, 13, 22 and 35 and Article III, § 43 of the Alabama Constitution, and the due process clause of Article I, §§ 6 and 13 of the Constitution of Alabama, on the following grounds:

a.      It is a violation of the due process clause and equal protection guarantees to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, §§ 6 and 13 of the Alabama Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which violates the due process clause, Article I, §§ 6 and 13 of the Alabama Constitution;

e.      The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection guarantees of Article I, §§ 1, 6, 13, 22 and 35 and Article III, § 43 of the Alabama Constitution;

g.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the equal protection guarantees of Article I, §§ 1, 6, 13, 22 and 35 and Article III, § 43 of the Alabama Constitution;

h.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the due process and equal protection guarantees of Article I, §§ 1, 6, 13, 22 and 35 and Article III, § 43 of the Alabama Constitution; and

i.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process and equal protection guarantees.

## AS A TWENTY-FIFTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that an award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 6 and 13 of the Constitution of Alabama.

## AS A TWENTY-SIXTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

## AS A TWENTY-SEVENTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver the Plaintiffs' claims for punitive damages violates Article I, §§ 6 and 13 of the Alabama Constitution.

## AS A TWENTY-EIGHTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that the Plaintiffs' demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while these Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

## AS A TWENTY-NINTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver the imposition of punitive damages against these Defendants is violative of these Defendants' rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon these Defendants in an amount based, at least in part, upon the conduct of a co-defendant.

## AS A THIRTIETH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, 13, 22 and 35 and Article III § 43 of the Constitution of the State of Alabama.

## AS AN THIRTY-FIRST SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that the amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

**AS A THIRTY-SECOND  SEPARATE AND COMPLETE DEFENSE**

Further answering Plaintiffs' Complaint and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that punitive damages are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminals under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

**AS A THIRTY-THIRD SEPARATE AND COMPLETE DEFENSE**

Further answering Plaintiffs' Complaint, the Alabama punitive damage system, on its face and/or as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 449 U.S.1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair, utterly irrational and in violation of due process.  See *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson  v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; *Id.* at 914 (Houston, J., dissenting).  Indeed, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution and that the Alabama Supreme Court had assessed constitutionally impermissible damages.  As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose." *Id.*, 517 U.S. at 574, 116 S. Ct. 1598.  The Alabama system fails to

provide juries with fair and adequate notice or standards for punitive damages.  Instead, the system gives juries the discretion to impose unlimited punishment that is without meaningful and constitutionally adequate post-verdict review.

### AS A THIRTY-FOURTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, as shown by the United States Supreme Court's remand of the Alabama Supreme Court's decision in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *Life Ins. Co. of Ga. v. Johnson*, 519 U.S. 923 (1996), Alabama's system for awarding and reviewing punitive damages is fatally flawed.  Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to defendants under the Constitution of the United States and the Constitution of the State of Alabama, jointly and separately.

### AS A THIRTY-FIFTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, any award of punitive damages in this case cannot be upheld under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that these Defendants will more fully comply with this state's law in the future.

### AS A THIRTY-SIXTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, Plaintiffs' claim for punitive damages cannot be upheld under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), to the extent it seeks to

punish, influence or change these Defendants' policies or practices nationwide rather than these Defendants' policies or practices which occurred in this state.

### AS A THIRTY-SEVENTH SEPARATE AND COMPLETE DEFENSE

These Defendants claim the benefits and limitations as to punitive damages in *Ala. Code* § 6-11-20 to § 6-11-29 (1987, 1999, et al.) including, but not limited to, the specificity and proof requirements in § 6-11-20, and the limitations and exceptions in § 6-11-21.

### AS A THIRTY-EIGHTH SEPARATE AND COMPLETE DEFENSE

Punitive damages may not be awarded for breach of contract.

### AS A THIRTY-NINTH SEPARATE AND COMPLETE DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that Plaintiffs' claims for damages for mental and emotional distress violate the Alabama and United States Constitution as they are unconstitutionally vague, arbitrary, and capricious.

### AS A FORTIETH SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

### AS A FORTY-FIRST SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' claims are barred because these Defendants did not misrepresent any material fact.

### AS A FORTY-SECOND SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' claims are barred because the Plaintiffs were not legally entitled to rely on any alleged representations by these Defendants.

## AS A FORTY-THIRD SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' claims are barred because these Defendants were not under any duty to disclose information to the Plaintiffs.

## AS A FORTY-FOURTH SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' claims are barred because they have failed to allege that these Defendants had an intention not to perform any act or that these Defendants had any intent to deceive the Plaintiffs at the time of any alleged misrepresentation by these Defendants.

## AS A FORTY-FIFTH SEPARATE AND COMPLETE DEFENSE

The Plaintiffs have not pleaded their fraud or misrepresentation claims with the particularity required by Fed. R. Civ. P. 9.

## AS A FORTY-SIXTH SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' claims are barred by the statute of frauds.

## AS A FORTY-SEVENTH SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the Plaintiffs' claims are barred in whole or in part by the Plaintiffs' own breach(es) of and/or failure to perform under the agreement.  The Plaintiffs' breach(es) of and/or failure to perform under the agreement proximately caused or resulted in delays, extra costs, lost profits, and other damages to these Defendants.

## AS A FORTY-EIGHTH SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the Plaintiffs' claims are barred in whole or in part by the defenses of setoff, credit, compromise, and/or recoupment.

## AS A FORTY-NINTH SEPARATE AND COMPLETE DEFENSE

These Defendants aver that the Plaintiffs' claims are barred in whole or in part because the Plaintiffs' alleged damages, if any, are speculative.

## AS A FIFTIETH SEPARATE AND COMPLETE DEFENSE

The Plaintiffs' tort claims are barred because any alleged wrong committed by these Defendants, the existence of which is specifically denied, arises out of a contract between the parties.

## AS A FIFTY-FIRST SEPARATE AND COMPLETE DEFENSE

These Defendants reserve the right to amend their Answer to assert any other applicable affirmative defenses made known as discovery progresses.

## COUNTERCLAIM

Comes now D'Shannon Products, Ltd ("D'Shannon") and, pursuant to Fed. R. Civ. P. 13(a), states its counterclaim against Perkins Communication, LLC ("Perkins") as follows:

### Jurisdiction

1.     This Court has jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. § 1367(a).

### Facts

2.     In May 2013, Perkins contacted D'Shannon regarding upgrades for the Aircraft. Perkins ordered D'Shannon's Genesis upgrade package for the Aircraft, which included larger, more powerful engines, which D'Shannon would overhaul and install under an FAA-issued Supplemental Type Certificate ("STC"), as well as new propellers, new instruments, and new windows.

3.     Perkins agreed to pay for goods comprising the Genesis upgrade package, and for D'Shannon's services, including overhauling the engines.

4.      Perkins incurred charges for goods and services under his agreement with D'Shannon in the amount of $135,799.00.   To date, Perkins has paid D'Shannon only $108,010.00.

5.      Pursuant to the Agreement, Perkins owes D'Shannon $27,789.00, plus interest, costs, and attorneys' fees.

**COUNT ONE**
**Open Account**

6.      D'Shannon adopts its allegations contained in Paragraphs 1 through 5 of the Counterclaim as if fully set forth herein.

7.      Perkins owes D'Shannon $27,789.00, plus interest, costs and attorneys' fees.

Wherefore, D'Shannon demands judgment against Perkins in the amount of $27,789.00, plus interest, costs, attorneys' fees and other further and additional relief to which it is entitled.

**COUNT TWO**
**Account Stated**

8.      D'Shannon adopts its allegations contained in Paragraphs 1 through 7 of the Counterclaim as if fully set forth herein.

9.      Perkins owes D'Shannon $27,789.00, plus interest, costs and attorneys' fees.

Wherefore, D'Shannon demands judgment against Perkins in the amount of $27,789.00, plus interest, costs, attorneys' fees and other further and additional relief to which it is entitled.

**COUNT THREE**
**Breach of Contract**

10.     D'Shannon adopts its allegations contained in Paragraphs 1 through 9 of the Counterclaim as if fully set forth herein.

11.     Perkins entered into the Agreement whereby Perkins agreed to pay for goods and services provided by D'Shannon, including the Genesis upgrade package.

12.     Perkins has breached the Agreement by failing to pay D'Shannon pursuant to the terms of the Agreement.

13.     Pursuant to the terms of the Agreement, Perkins owes D'Shannon $27,789.00, plus interest, costs and attorneys' fees.

Wherefore, D'Shannon demands judgment against Perkins in the amount of $27,789.00, plus interest, costs, attorneys' fees and other further and additional relief to which it is entitled.

**These Defendants, D'Shannon Products, Ltd and Scott Erickson, demand a trial by struck jury on the Plaintiffs' claims and D'Shannon Products, Ltd's counterclaims.**

Respectfully submitted,


ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:     (251) 405-1300
Facsimile:     (251) 432-6843


By:   _s/ Timothy A. Heisterhagen_____
          Sherri R. Ginger
          srg@ajlaw.com
          Timothy A. Heisterhagen
          tah@ajlaw.com

Attorneys for Defendants D'Shannon Products, Ltd
and Scott Erickson


**Of Counsel:**

George Andrew Coats, Esq.
Coats & Evans, P.C.
Post Office Box 130246
The Woodlands, Texas 77393
Telephone:     (281) 367-7732
Facsimile:     (281) 367-8003
coats@texasaviationlaw.com

_Motion for Pro Hac Vice Admission to be filed._

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on July 20, 2015, I served a copy of the foregoing to the following via electronic mail and/or U.S. Mail, postage prepaid and properly addressed:

Andrew P. Campbell, Esq.
Stephen D. Wadsworth, Esq.
Campbell, Guin, Williams, Guy &
    Gidiere, LLC
505 N. 20th Street, Suite 1600
Birmingham, Alabama 35203

Michael Moore
AVWorks Custom Engines &
    Components, Inc.
391 Normandy Road
Mooresville, North Carolina 28117

Bert M. Guy, Esq.
Campbell, Guin, Williams, Guy &
    Gidiere, LLC
Post Office Box 3206
Tuscaloosa, Alabama 35403

Earl Ramey
Hi Tech Performance Engine & Machine, Inc.
806-a Performance Road
Mooresville, NC 28115

*s/ Timothy A. Heisterhagen*

839468