# EXHIBIT 44



From: Joe Perkins joe@matrixllc.com
Subject: Re: N6745M
Date: November 18, 2013 at 10:18 AM
To: scott@d-shannon-aviation.com
Cc: Bert M. Guy bguy@TannerGuin.com, Kim Hines kim@matrixllc.com

Given that we no understand that you agreed to pay for airplane rental, but you are questioning the payment for fuel, we will no reevaluate the cost of the citation rental that we were willing to overlook prior to this communication. The offer made was fair and considerate.

On Nov 18, 2013, at 9:31 AM, <scott@d-shannon-aviation.com> wrote:

> Thank you for the detailed brief on your perspective.
>
> We agree to pay you for the rental of the Cessna, we do not agree to pay for the fuel that is part of the rental charge. Please get back to us on the difference between the total fee per hour less the fuel, this will give us the figure we agreed to.
>
> Please send the wire to the account on the attachment.
>
> Thank you again for your business.
>
> Scott Erickson
> D'Shannon Aviation
> 800-291-7616
>
>
>
> -------- Original Message --------
> Subject: N6745M
> From: Joe Perkins <joe@matrixllc.com>
> Date: Tue, November 12, 2013 8:21 am
> To: "scott@d-shannon-aviation.com" <scott@d-shannon-aviation.com>
> Cc: "Bert M. Guy" <bguy@TannerGuin.com>, Kim Hines <kim@matrixllc.com>
>
> Pursuant to your email of October 7, 2013, I understand that you no longer wish to communicate with me. You have called me twice in the past several days, but in deference to you wishes, I have not called you back. I am copying my attorney on this email so that you may have an effective means of communication on this issue.
>
> Outstanding on the invoice from D'Shannon for the work provided is $17,789. I could dispute much of what is included in this amount because on specific dates you offered to install the windows free and provide other discounts in compensation for your lack of performance on our agreement. I further have concrete evidence that on numerous occasions you intentionally deceived me, perhaps even defrauded me, regarding the status of my engines and the work being done. I have evidence that you were claiming my engines were at a specific state of completion when you knew you had not even paid for the required parts to bring the engines to that level of completion. This evidence is compiled and will be made available for examination by the appropriate parties if that becomes necessary.

**Plaintiffs 000146**

I do intend to hold you to the commitment you made on a call on July 26 to pay for the rental of an airplane for my use until my airplane was back in the service. Meticulous, undeniable evidence of this call is in my position. Additionally, you subsequently repeated this offer in front of others who will be willing to testify to this commitment on your part. From the 26 of July through last Sunday I have flown a rented 182 a total of 43.4 hours at an hourly rental rate of $200 per hour. This is total $8,680 you owe me for airplane rental. On several occasions I have had to rent a Citation to accommodate my work but I am not charging you for the Citation rental because I may not have been able to perform the mission demanded of it even if my airplane had been in service.

So, at this point I calculate that I owe you $9,109. If you will send a full release of obligation to my lawyers' office we will release $9,109 to you immediately. Otherwise, I will be compelled to pursue a much more extensive legal remedy which will encompass much more than the financial aspects of this agreement.

&lt;3MatrixLogo.jpg&gt;
Joseph W. Perkins, Jr. PhD
joe@matrixllc.com
cell (205)246-3123

&lt;D'SHANNON-WIRE-PERKINS-FINAL-.doc&gt;

**Plaintiffs 000147**