FILED
2016 Nov-14 PM 06:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 48

8A Am. Jur. 2d Aviation § 138

American Jurisprudence, Second Edition
**November 2016 Update**

Romualdo P. Eclavea, J.D. and Barbara J. Van Arsdale, J.D.

Aviation
VIII. Civil Liability for Injuries from Operation of Aircraft
A. General Principles
3. Persons or Organizations Liable

§ 138. Independent servicer or repairer of aircraft

Topic Summary Correlation Table References

**West's Key Number Digest**

West's Key Number Digest, Aviation ☞153

**A.L.R. Library**

Liability for alleged negligence of independent servicer or repairer of aircraft, 41 A.L.R.3d 1320

Except for a few instances in which particular statutes have been applicable,[1] actions against independent servicers or repairers of aircraft for personal injury, death, or property damage allegedly caused by the repairer's negligence in servicing an airplane have been brought on a theory of common-law negligence,[2] and have involved the application of the traditional common law concepts of the law of negligence.[3] It has been indicated, however, that a repairer or servicer of an aircraft might be held liable on a theory of breach of an implied warranty to perform services in a expert manner.[4] Repairers have been regarded as legally responsible for making faulty repairs under a service contract.[5] However, repairers have escaped liability where the repairer's alleged negligence resulted in a danger which would have been disclosed if the airplane's pilot had discharged his responsibility of making a preflight inspection.[6]

Private owners of an airplane are not liable for the negligence, if any, of mechanics, where no evidence indicates that the aircraft owners were negligent in relying on properly certified Federal Aviation Administration (FAA) mechanics to perform repair work on the airplane, and no evidence indicates that the owners had actual or constructive knowledge of any defect in the airplane subsequent to the FAA-mandated annual inspection.[7]

**CUMULATIVE SUPPLEMENT**

**Cases:**

National Transportation Safety Board (NTSB) order affirming administrative law judge's (ALJ) decision to uphold Federal Aviation Administration's (FAA) revocation of aircraft mechanic's inspection authorization (IA) after an aircraft that he inspected and approved for return to service crashed killing the pilot was supported by substantial evidence; evidence showed that mechanic identified 77 discrepancies during his initial inspection of the aircraft and that one of those discrepancies related to the elevator trim tab actuator, aircraft maintenance log did not include documentation that corrective action had been taken on the actuator which should have promoted him to inspect it carefully, and by failing to verify whether there was documentation to corroborate the discrepancy related to whether elevator trim tab actuator had been repaired, mechanic failed to perform inspection in manner acceptable to FAA. 14 C.F.R. §§ 43.13, 43.15. Raab v. Blakely, 370 Fed. Appx. 303 (3d Cir. 2010).

**[END OF SUPPLEMENT]**

© 2016 Thomson Reuters. 33-34B © 2016 Thomson Reuters/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

Footnotes

1   Trihey v. Transocean Air Lines, Inc., 255 F.2d 824 (9th Cir. 1958) (proceeding in admiralty under the Death on the High Seas Act); T.A.T. Flying Service v. Adamson, 47 Ga. App. 108, 169 S.E. 851 (1933) (under city ordinance).

2   Ingle v. Swish Mfg. Southeast, Inc., 164 Ga. App. 469, 297 S.E.2d 506 (1982); Cheek v. Avco Lycoming Division, 56 Ill. App. 3d 217, 13 Ill. Dec. 902, 371 N.E.2d 994 (5th Dist. 1977).

3   §§ 107 to 110.

4   § 176.

5   Trans Caribbean Airways, Inc. v. Lockheed Aircraft Service-International, Inc., 14 A.D.2d 749, 220 N.Y.S.2d 485 (1st Dep't 1961).

6   Lock v. Packard Flying Service, Inc., 185 Neb. 71, 173 N.W.2d 516, 41 A.L.R.3d 1313 (1970).

7   Jarmuth v. Aldridge, 321 Ill. App. 3d 690, 254 Ill. Dec. 602, 747 N.E.2d 1014 (1st Dist. 2001).

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.