## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| PERKINS COMMUNICATION, LLC, | ) | |
| and MATRIX, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 7:15-CV-01172-LSC |
| | ) | |
| D'SHANNON PRODUCTS, LTD, | ) | Opposed |
| SCOTT ERICKSON, and | ) | |
| MICHAEL MOORE | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## THE MATRIX PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs Perkins Communication and Matrix, LLC (collectively "Matrix") respectfully submit the following Motion to Strike Defendants' Motions for Summary Judgment. The Court's Initial Order limits the parties to 30 pages of dispositive motion briefing. The Defendants submitted three motions for summary judgment which, combined, are 49 pages long. Matrix should not be compelled to bear the cost or burden of responding to these non-conforming briefs.

## **ARGUMENT**

1. The Court's Uniform Initial Order requires that summary judgment motions be limited to thirty pages of double-spaced text in fourteen point font. [Doc. 3 at 14.]

2. To circumvent this requirement, Defendants submitted three motions for summary judgment of a combined 49 pages long, exclusive of signature blocks and certificates of service.

3. Defendants' second motion for summary judgment in this action[1] concerns Matrix's negligence and wantonness claims (the "Negligence Brief"). It is twenty-three pages long. [Doc. 82.]

4. Defendants' third motion for summary judgment concerns Matrix's Fraud claims (the "Fraud Brief"). It is seventeen pages long. [Doc. 86.]

5. Defendant D'Shannon's[2] fourth motion for summary judgment concerns their own counterclaim for breach of contract (the "Contract Brief"). It is nine pages long. [Doc. 89.]

6. Many jurisdictions adopt local rules to prevent these attempts to circumvent dispositive motion page limitations. *See, e.g.*, *Novartis Consumer Health Inc. v. Elan Transdermal Techs., Inc.*, 209 F.R.D. 507, 508 (S.D. Fla. 2002)

---

[1] Defendants' first motion for summary judgment was filed in March 2016. [Doc. 46.] It was denied. [Doc. 58.]
[2] The Contract Brief was filed only on behalf of D'Shannon.

(citing Local Rule 7.1(C)); *Berry v. Fed. Nat. Mortg. Ass'n*, No. 3:11-CV-1288-L,

2013 WL 1715482, at *1 (N.D. Tex. Apr. 19, 2013) (citing Local Rule of Civil

Procedure 56.2(b)); *E.E.O.C. v. Les Schwab Tire Centers of WA, Inc.*, No. C06-

0045RSM, 2010 WL 148370, at *1 (W.D. Wash. Jan. 11, 2010) (citing Local Rule

CR 7(e)(3)).

7.      But even in jurisdictions without a local rule on point, courts have

used their inherent power to strike pleadings or otherwise sanction parties which

attempt to circumvent page limitations through the filing of multiple motions.

*Guessford v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 1:12CV260, 2013 WL

12136501, at *2 (M.D.N.C. May 24, 2013) (finding "that Defendant's three

Motions for Partial Summary Judgment and three supporting briefs, cumulatively

totaling 67 pages in length, violate the 20-page limitation"); *Pena v. Taylor Farms

Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2014 WL 2987651, at *2 (E.D. Cal. July

1, 2014) (striking six separate motions totaling 68 pages in light of 20 page limit);

*Nam v. U.S. Xpress, Inc.*, No. 1:11-CV-116, 2012 WL 10161528, at *1–2 (E.D.

Tenn. June 25, 2012) (striking multiple dispositive motions exceeding 100 pages in

light of 25 page limit).

8.      This Court has the inherent power to "control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Alexander v. United States*, No. 4:14-CV-1615-SLB-TMP, 2015 WL

4133309, at *1 (N.D. Ala. July 8, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

9.      Matrix should not be required to bear the cost and burden of responding to these three motions substantively.  Similarly, the Court should not be compelled to read and respond to three sets of motions, oppositions, and replies.

10.     Striking the nonconforming motions for summary judgment will help "secure the just, speedy, and inexpensive determination of" this action.  Fed. R. Civ. P. 1.

## PROPOSED REMEDIES

11.     There are several options available to the Court to remedy this violation.

12.     First, the Court could strike all of Defendants' motions for summary judgment without leave to refile.

13.     Second, the Court could strike all of Defendants' motions for summary judgment and give them leave to refile a single brief of no more than thirty pages by November 29, 2016.[3]

---

[3] Striking the nonconforming pleadings with permission to quickly refile a consolidated motion was the remedy was the one chosen by the courts cited above in Paragraph 7.

14.     Third, the Court could strike either (1) the Negligence Brief or (2) the Fraud Brief and Contract Brief.  Doing so would bring the Defendants within the thirty-page limit.

15.     Fourth, the Court could require Defendants to pay all of Matrix's reasonable attorneys' fees associated with responding to the non-conforming motions for summary judgment.

16.     Fifth, the Court may fashion another appropriate, equitable remedy to cure the prejudice suffered by Matrix.

Wherefore, Matrix respectfully requests an order striking Defendants' motions for summary judgment along with all supporting briefs and exhibits thereto along with any other equitable relief the Court deems just under the circumstances.  Matrix also requests its reasonable attorneys' fees associated with bringing this Motion to Strike.

Respectfully submitted this the 17th day of November, 2016.

<em>s/ Stephen D. Wadsworth</em><br>
Andrew P. Campbell (CAM006)<br>
Bert M. Guy (GUY005)<br>
Stephen D. Wadsworth (WAD025)<br>
Attorneys for Plaintiffs

OF COUNSEL:

**CAMPBELL | GUIN**
WILLIAMS, GUY & GIDIERE, LLC

Financial Center
505 N. 20th Street, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 224-0750
andy.campbell@campbellguin.com
stephen.wadsworth@campbellguin.com

Capitol Park Center
2711 University Boulevard (35401-1465)
P. O. Box 3206
Tuscaloosa, Alabama 35403-3206
Telephone (205) 633-0206
Facsimile (205) 633-0306
bert.guy@campbellguin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2016, I filed the

foregoing using the EFile System, which will automatically serve the following:

Sherri R. Ginger
Timothy A. Heisterhagen
Attorneys for Defendant
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, AL 36601

/s  Stephen D. Wadsworth